829 F.2d 1120
 53 Fair Empl.Prac.Cas. 624
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilma OLIPHANT; Terry Ragin; Bernice Howie; Bertha
Anderson Ruth Coleman, individually and on behalf of all
others similarly situated; Pamela Bennett; Kim Wallace;
Randy Tucker; Roberta Sasportas; Anita Singley; Charles
Norwood; Lula B. Miller; Eveyln Alexander; Yvonne
Sessoms; Bertha Chisholm; Lilie Ann Stewart; Antwerp
Duncan; Mildred Glenn; Charlotte Chapter of the Old North
State Medical, Dental and Pharmaceutical Society, Plaintiff-Appellee,
v.
CHARLOTTE MEMORIAL HOSPITAL AND MEDICAL CENTER;
Charlotte-Mecklenburg Hospital Authority,
Defendant-Appellant.
 No. 87-3554.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1987.
Decided Sept. 16, 1987.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, District Judge. (CA-78-326; CA-78-370)
 Michael Anthony Sheely, Russell, Sheely & Hollingsworth for appellees Oliphant, Ragin, Howie, Anderson, Coleman, Bennett, Wallace, Tucker, Sasportas, Singley, and Miller.
 Jonathan Wallas, Ferguson, Stein, Watt, Wallas & Adkins, PA, for appellees Norwood, Miller, Alexander, Sessoms, Chisholm, Stewart, Duncan, Glenn, and Charlotte Chapter of the Old North State Medical, Dental and Pharmaceutical Society.
 John Oliver Pollard and W.T. Cranfill, Jr., Blakeney, Alexander & Machen, for appellants.
 Before DONALD RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs have moved to remand this case to the district court for reconsideration of its attorney's fee awards, in light of Pennsylvania v. Delaware Valley's Council for Clean Air, 55 U.S.L.W. 5113 (U.S. June 26, 1987) (No. 85-5). The defendants have responded, contending that the attorney's fee awards are erroneous under Delaware Valley, and requesting a remand solely for review of the expert witness fee awards, in light of Crawford Fitting Co. v. J.T. Gibbons Inc., 55 U.S.L.W. 4820 (U.S. June 15, 1987) (Nos. 86-322, 86-328).
 
 
 2
 We conclude that a remand to the district court for reconsideration of its awards of attorney's fees is appropriate. Given that Delaware Valley places newly-established constraints on a district court's discretion in using a contingency multiplier, the district court should have the opportunity, in the first instance, to reconsider the attorney's fee awards in light of these constraints.
 
 
 3
 On remand, the district court should also reconsider its awards of expert witness fees. Given that Crawford imposes a $30-per-day limit on expert witness fees awarded under 28 U.S.C. Sec. 1920, the district court should have the opportunity to review the effect of this decision on its expert witness fee awards.
 
 
 4
 Accordingly, we vacate the portions of the district court's fee orders awarding the plaintiffs attorney's fees and expert witness fees and remand the case for reconsideration in light of Delaware Valley and Crawford.
 
 
 5
 VACATED AND REMANDED.